UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MAZIN KATTULA,

        Defendant.
_____/

Case No. 14-20709

Honorable Matthew F. Leitman

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, an Indictment issued on November 6, 2014, charging Defendant MAZIN KATTULA in Counts One and Two with wire fraud in violation of 18 U.S.C. § 1343. (Docket # 13).

WHEREAS, the Indictment contains a Forfeiture Allegation providing notice to the defendant pursuant to Fed.R.Cr.P. 32.2(a) of the government's intention to seek forfeiture of all proceeds, direct or indirect, and or property traceable thereto.

WHEREAS, the Affidavit of Timitre Kyriakides, Special Agent with the United States Secret Service, which was submitted in support of the Criminal Complaint against Defendant MAZIN KATTULA filed on June 9, 2014, details eleven (11) occasions when the defendant fraudulently obtained funds by

exploiting FedEx's Electronic Collection on Delivery (ECOD) program. Specifically, on or about June 7, 2013, four (4) ECOD deliveries were sent to Metro PCS, 10001 Telegraph Road, Redford, MI 48239 from the Wireless Synergy ECOD account. All four (4) deliveries were paid for by PNC Bank check upon delivery by FedEx, upon which JP Morgan Chase account #XXXXX8246, which defendant had set up to receive ECOD payments from FedEx, was electronically credited the shipper's pre-determined value of the packages, the total being $73,800.00. When the checks were presented to PNC Bank for payment all four were returned to FedEx unpaid due to the account, on which defendant was a signer, being closed. Nine (9) additional shipments were done using the same methods described above between the dates of September 11, 2013 and September 17, 2013. These shipments were done using various company names and bank accounts. ECOD payments for these shipments totaling $168,900.00 were deposited into a bank account on which defendant was the only signer. In a third instance, a FedEx package with a stated value of $22,000.00 sent ECOD by one of defendant's companies was damaged in transit. Upon inspection and inventory of the package's contents by FedEx per its policy, the shipment was found to contain twenty-five (25) empty cardboard shipping boxes. Combining the nine (9) fraudulent shipments done in September 2013, with the $73,800.00 obtained from the four (4) fraudulent ECOD deliveries done in June 2013, the amount defendant

obtained from FedEx by means of this fraud scheme totals $242,700.00.  (Docket # 1, Affidavit, ¶¶ 9-17).

WHEREAS, on January 26, 2015 defendant filed a Notice of Intention to Enter Guilty Plea, pursuant to which he gave notice of his intention to enter his guilty plea to the indictment without a Rule 11 Plea Agreement.  (Docket # 18).

WHEREAS, on January 29, 2015 Defendant MAZIN KATTULA pleaded guilty to Counts One and Two of the Indictment.

WHEREAS, the United States has asserted that the defendant obtained $113,405.03 as a result of the conduct alleged in Counts One and Two of the Indictment, and requested entry of a Preliminary Order of Forfeiture in that amount.

THEREFORE, pursuant to Fed. R. Crim. P. 32.2, and as a result of the guilty plea by Defendant MAZIN KATTULA to Counts One and Two of the Indictment:

**IT IS HEREBY ORDERED AND ADJUDGED** that a money judgment in the amount of $113,405.03 is granted and entered against Defendant MAZIN KATTULA in favor of the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p).

**IT IS FURTHER ORDERED** that the money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant MAZIN KATTULA. To satisfy the money judgment, any assets that Defendant MAZIN KATTULA has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 32.2, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture at the time of Defendant's sentencing and shall be made part of the sentence and included in the Judgment, and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 2, 2015, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113